UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL H. LEE, JR., TAMEKA LEE, WALTER ARMOUR, and FREDERICK WHITE, <br><br> Defendants. | Cause No.: 4:13-cv-02499-TIA |

**PLAINTIFF'S MOTION FOR DISMISSAL OF
<u>PLAINTIFF WITH PREJUDICE</u>**

Plaintiff Western-Southern Life Assurance Company ("Western-Southern") respectfully moves the Court for an Order dismissing Western-Southern with prejudice from further liability in its capacity as interpleader-plaintiff, and for such other relief as set forth below. In support of this motion, Western-Southern states as follows:

<u>**INTRODUCTION**</u>

Western-Southern brought this action under the federal interpleader statute, 28 U.S.C. § 1335, to determine which of the Defendants is lawfully entitled to receive the $50,000 death benefit owed under a Western-Southern life insurance policy (Doc. 1, ¶¶ 6, 25). The death benefit of the policy at issue has been paid into the registry of the Court. (Doc. 18; Docket entry of 03/25/14). Western-Southern requests that the Court discharge Western-Southern from liability and dismiss it from the action. 28 U.S.C. § 2361.

There are multiple competing claimants to the policy's death benefit. The first is Samuel H. Lee, Jr. Samuel Lee was served December 17, 2013, (Doc. 6), and has appeared in this action

1

(Docs. 10, 13). The second potential claimant is Tameka Lee, who was served December 17, 2013 and has also appeared in this action. (Docs. 7, 11, 14). Walter Armour is a third possible claimant to the death benefits. Walter Armour was served December 26, 2013. (Doc. 9). However, Mr. Armour has failed to appear in this action. Lastly, Frederick White has a fourth claims to the death benefits at issue. Frederick White was served December 30, 2013 and has appeared in this action via a General Power of Attorney appointing his wife, Sherrie J. Lee-White, as his attorney-in-fact.[1] (Docs. 8, 15).

While Mr. White is currently on active military duty and is stationed overseas, discharging Western-Southern as Plaintiff in this action has no bearing on Mr. White's ability to recover any portion of the funds submitted to this Court's registry by appearing once he is no longer on active military service. None of the interpleader defendants have raised any claims against Western-Southern and Western-Southern has paid the funds into the court's registry. Accordingly, it is appropriate for this Court to dismiss Western-Southern from this action with prejudice and discharge Western-Southern in regard to any further claims on the Policy or insurance proceeds at issue.

## ARGUMENT

Western-Southern is entitled to be discharged from this proceeding because it has met the requirements of the federal interpleader statute. *See* 28 U.S.C. § 1335(a). The statute requires only a disinterested stakeholder who holds funds greater than $500, two or more claimants of diverse citizenship, and a deposit of the disputed funds into the registry of the Court. *Id.*

Western-Southern has satisfied the statutory requirements of 28 U.S.C. § 1335. Western-Southern claims no interest in the policy's death benefit, and is or was only a stakeholder. Western-Southern paid the policy's death benefit into the Court's registry upon entry of the

---

[1] As this Court noted at the recent hearing in this case, the Power of Attorney has expired.

2

Court's order to do so. That death benefit of $50,000 far exceeds the $500 jurisdictional requisite. The citizenship of two or more of the claimants is diverse. Because the requirements of 28 U.S.C. § 1335 have been met, Western-Southern should be discharged, pursuant to 28 U.S.C. § 2361, from this interpleader action.

Further, because Western-Southern is a disinterested stakeholder, it is entitled to recover its costs and reasonable attorneys' fees incurred in bringing this instant action. *Texas Life Ins. Co. v. Packman*, No. 4:13-cv-2019, 2014 WL 1400182, at *1 (E.D. Mo. Apr. 10, 2014) ("A disinterested stakeholder 'should not ordinarily be out of pocket for the necessary expenses and attorney's fees' it incurred in filing the interpleader action." (*quoting Hunter v. Federal Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940)). Accordingly, Western-Southern requests an award of reasonable attorney's fees and costs associated with this action. In support of this request, Western-Southern submits an affidavit by its counsel of record, Jason A. Walters, documenting that Western-Southern has incurred attorney's fees (including local counsel's fees) in the amount of $12,981.22, plus costs in the amount of $356.62, in connection with the filing and litigation of this interpleader action. (Ex. A). Therefore, Western-Southern requests that this Court award reasonable attorney's fees and costs in this action in the amount of $13,337.84 (or such other amount as the Court deems appropriate) out of the policy proceeds on deposit with the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Western-Southern prays that the Court enter an Order:

A. Restraining Samuel H. Lee, Jr., Tameka Lee, Walter Armour, and Frederick White, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the proceeds of the Policy and, upon final hearing, permanently enjoin and restrain

3

Samuel H. Lee, Jr., Tameka Lee, Walter Armour, and Frederick White, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of the proceeds of the Policy or relating in any way to Western-Southern's actions with respect to the handling of this claim;

B. Requiring Samuel H. Lee, Jr., Tameka Lee, Walter Armour, and Frederick White to appear and answer and to set up whatever claims they may have in and to the above-referenced death benefits and that the Court make such judgment as is necessary to determine who is properly entitled to the death benefits and direct the Clerk of Court to release the death benefits in accordance with that judgment;

C. Discharging Western-Southern from any further liability related to the Policy and/or the Policy Proceeds and dismissing it from this lawsuit with prejudice;

D. Awarding Western-Southern $13,337.84 (or such other amount as the Court deems appropriate) in costs and attorneys' fees incurred in connection with bringing this Complaint in Interpleader and ordering that such costs and attorneys' fees be paid out of the Policy proceeds prior to distribution to the party(s) adjudged to be entitled to the proceeds;

E. Awarding Western-Southern such other and further relief as this Court deems just, equitable, and proper.

/s/ Laura A. Bentele
Clark H. Cole (28668MO)
Laura A. Bentele (64727MO)
Armstrong Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 621-5070
Fax: (314) 621-5065
ccole@armstrongteasdale.com
lbentele@armstrongteasdale.com

Jason A. Walters, Admitted Pro Hac Vice
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Fax: (205) 521-8800
jwalters@babc.com

*Attorneys for Plaintiff Western-Southern Life Assurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2014, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System to be served by operation of the Court's electronic filing system upon the following:

Samuel H. Lee, Jr.
1426 Akron Drive
St. Louis, MO 63137

Tameka Lee
1426 Akron Drive
St. Louis, MO 63137

Walter Armour
11509 Spring Board Drive
Jacksonville, FL 32218

Frederick White
602B Carswell Street
San Angelo, TX 76903

BY: /s/ Laura A. Bentele
OF COUNSEL