UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WESTERN-SOUTHERN LIFE ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:13-CV-2499 (CEJ) |
| SAMUEL H. LEE, JR., et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Western-Southern Life filed this interpleader action pursuant to 28 U.S.C. § 1335, asking the Court to determine which of the defendants are entitled to receive the proceeds of a life insurance policy issued to decedent Katie M. Clemons-Lee. Named as defendants are Samuel H. Lee, Jr., Tameka Lee, Walter Armour, and Frederick White. Service was achieved on all defendants, and answers were timely filed by defendants Samuel H. Lee, Jr. and Tameka Lee. Defendant Walter Armour failed to answer or otherwise enter an appearance in the matter and is in default. On February 13, 2014, defendant White filed a military power of attorney, pursuant to 10 U.S.C. § 1044b, appointing his wife Sherrie J. Lee-White as his attorney-in-fact. Defendant White did not file an answer or otherwise respond to the complaint, and the power of attorney he submitted expired on June 1, 2014. [Doc. #15]. Also, he did not respond to an order directing him to inform the Court of his current military status by February 13, 2015. [Doc. #38].

On March 25, 2014, plaintiff deposited $56,122.01 into the registry of the Court. Thereafter, the Court granted plaintiff's motion to be dismissed from the

case. The plaintiff's request for attorneys' fees and costs was denied without prejudice.

On December 9, 2014, defendant Samuel H. Lee, Jr. filed a memorandum asking that the policy proceeds be paid to defendants Armour and White, in accordance with the decedent's 2009 change of beneficiary form. He also stated his desire to "abandon the interpleader" so that the proceeds could be paid to the other defendants. [Doc. #30]. On December 31, 2014, defendant Tameka Lee filed a memorandum stating that she wished to forfeit her rights to the policy proceeds. [Doc. #36].

Plaintiff filed a renewed motion for attorney's fees and costs, contemporaneously submitting copies of invoices to support its request for fees and costs for *in camera* review. The plaintiff seeks $12,981.22 in attorney's fees, and $356.62 in costs, for a total of $13,337.84.

**I.  Legal Standard**

A disinterested stakeholder who brings an interpleader action may be entitled to recover attorney's fees and costs in the bringing the action. S & W Foreclosure Corp. v. Okenfuss, No. 4:09-CV-353 (CDP), 2010 WL 106675, at *1 (E.D. Mo. Jan. 6, 2010). The court's authority to grant an award is discretionary; it is not an absolute right. Amer. Life Ins. Co. of N.Y. v. Karnes, No. 07-40353-CV-C-NKL, 2007 WL 4365732, at *3 (W.D. Mo. Dec. 11, 2007). "In the usual case the fee will be relatively modest, inasmuch as all that is necessary is the preparation of a petition, the deposit in court or posting of a band, service on the claimants, and the preparation of an order discharging the stakeholder." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1719 (3d ed. 1998); see also Hunter v. Federal

2

Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940) (stating that an interpleader action "does not usually involve any great amount of skill, labor or responsibility," and as such, "the amount allowed for [attorney's] fees should be modest.").

Federal district courts have excluded insurance companies from the general rule of awarding reasonable attorney's fees to disinterested stakeholders who bring interpleader actions under three theories. See Unum Life Ins. Co. of Amer. V. Kelling, 170 F. Supp. 2d 792, 794 (M.D. Tenn. 2001) (explaining the exceptions to permitting insurance companies to recovery attorney's fees and costs in interpleader actions); see also Hearing v. Minnesota Life Ins. Co., No. C13-4101-LTS, 2014 WL 3587406, at *8 (N.D. Iowa July 21, 2014) (same). First, some courts suggest insurance companies should not be compensated, because conflicting claims to proceeds are part of such companies' "ordinary course of business." See Metro. Life Ins. Co. v. Mitchell, 966 F. Supp. 2d 97, 105 (E.D.N.Y. 2013); see also Feehan v. Feehan, No. 09-CIV-7016, 2011 WL 497852, at *7 (S.D.N.Y. Jan. 10, 2011) (collecting cases). Second, courts have denied attorney's fees to insurance companies because such companies are, by definition, interested stakeholders; filing an interpleader action immunizes the company from further liability under the contested policy. See Kelling, 170 F. Supp. 2d at 794-95; Mitchell, 966 F. Supp. 2d at 105.

Third, courts have also carved out insurance companies from the general rule because an award for fees and costs would unnecessarily deplete the fund that is the subject of preservation through the interpleader action. See Paul Revere Life Ins. Co. v. Riddle, 222 F. Supp. 867, 869 (E.D. Tenn. 1963) (denying attorney's fees and noting that if the court held otherwise, every stakeholder with conflicting

3

claims could interplead the funds, deposit them in a court registry, gain protection from further liability, and "in effect, cause the successful claimant to bear the costs"); see also Hunter, 111 F.2d at 556 ("[T]here would be no justification for seriously depleting the fund deposited in the court by a stakeholder through the allowance of large fees to his counsel."). The Eighth Circuit, however, has not adopted a clear exception for insurance companies, providing its most recent guidance in 1940. See Hearing, 2014 WL 3587406, *5-7 (noting that "the Eighth Circuit has stated a 'stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him'") (quoting Hunter, 111 F.2d at 557). As such, the Court will determine a reasonable and modest amount to compensate the plaintiff for bringing this action.

## II. Discussion

### A. Attorney's Fees

The broad rule governing an award of attorney's fees in an interpleader action is reasonableness. Protective Life Ins. Co. v. Kridner, Civ. No. 12-582 (JRT/JJG), 2013 WL 1249205, at *4 (D. Minn. Mar. 27, 2013). In determining what fees are reasonable, courts consider the following factors: (1) whether the case is simple or complex; (2) whether the stakeholder performed unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. Id.; see also Noeller v. Metro. Life Ins. Co., 190 F.R.D. 202, 207 (E.D. Tex. 1999) (citing Charles Alan Wright et al., Federal Practice and Procedure § 1719 (3d ed. 1998)).

The stakeholder seeking fees has the burden of proving the reasonableness of the request. Kridner, 2013 WL 1249205, at *5. "[A]ny 'uncertainties in a fee application due to nonspecific entries are resolved against the applicant.'" Id. (quoting In re OEM Indus. Corp., 135 B.R. 247, 251 (Bankr. W.D. Pa. 1991)). The general starting point for calculating reasonable attorney's fees is the "lodestar," which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case. See Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). A court is not required to reach a lodestar determination, however, and may attempt to identify specific hours that should be eliminated or simply reduce the award within its discretion. Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).

Two law firms represented Western-Southern Life in this action, Bradley Arant Boult Cummings LLP in Birmingham, Alabama and Armstrong Teasdale LLP as local counsel in St. Louis, Missouri. The two firms report spending 43 hours on the matter. Their hourly rates range from $180 an hour for a paralegal (12 hours), $245-270 for associates (11.3 hours), and $300-400 for partners (19.5 hours), for a total of $12,981.22 in attorney's fees. They also report costs of $356.62, consisting of copy charges, mailing costs, and legal research fees. The total amount sought, $13,337.84, represents 23.77% of the value of the funds deposited.

In calculating the lodestar, a reasonable hourly rate "is usually the ordinary rate for similar work in the community where the case has been litigated." Fish, 295 F.3d at 851. Because the hourly billable rates for the partners, associates, and paralegal that worked on this matter are not unusual for the area and not

5

challenged here, the Court will accept their hourly rates as reasonable. See, e.g., Texas Life Ins. Co. v. Packman, No. 4:13-CV-2019 (JAR), 2014 WL 1400182, at *2 (E.D. Mo. Apr. 10, 2014) (findings rates of $350 and $400 per hour for a partner working on an interpleader matter in the St. Louis metropolitan region to be acceptable); Transamerica Life Ins. Co., Inc. v. Lambert, No. 4:12-CV-1253 (CAS), 2013 WL 328792, at *3 (E.D. Mo. Jan. 29, 2013) (adopting rates of $300-350 an hour per partner and $215 an hour for associates in the St. Louis region).

Recoverable expenses in an interpleader action are "properly limited to the attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit." Dusseldorp v. Ho, 4 F. Supp. 3d 1069, 1071 (S.D. Iowa 2014); see also Trustees of Dirs. Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000) ("Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing [] release from liability, *not* in litigating the merits of the adverse claimants' positions.") (emphasis in original).

The billing records submitted by plaintiff's counsel for *in camera* review are sufficiently detailed to allow the Court to complete a meaningful review. After carefully reviewing the reported hours spent on the matter, the Court finds 15.7 of the hours reported to be reasonable in bringing the action, during which counsel prepared the complaint and accompanying documents, arranged for service of process on the claimants in Texas, Florida and Missouri, deposited the funds into the court registry, and filed a motion seeking discharge.

The sole element that enhanced the complexity of this case was the active military status of defendant Frederick White, analysis of the Servicemembers Civil Relief Act, and subsequent grant of power of attorney to his wife. The Court has accepted additional reported hours in light of this nuance. This factor and defendant Walter Armour's failure to answer or appear in the matter protracted the litigation, causing plaintiff to participate in a court ordered scheduling conference to discuss the status of the case and set discovery deadlines. The time reported in preparing for and attending this conference has also been adopted. Thus, for the 15.7 hours reasonably expended in this matter at the respective hourly rates per attorney who engaged in these tasks, Western-Southern Life will be awarded $4,652 in attorney's fees.

The reported hours considered excessive and disallowed for attorney's fees include any apparent duplicative work and time spent by the two law firms in coordinating and discussing the matter with each other. See U.S. Foodservice, Inc. v. Daignault, Civ. No. 10-40103-FDS, 2011 WL 576606, at *3 (D. Mass. Feb. 9, 2011) ("While it is hardly unreasonable for national and local counsel to consult and coordinate, [] it is unclear why that work should come at the expense of the fund."). The award is further reduced to exclude any other excessive, redundant, or unnecessary hours. Hensley, 461 U.S. at 434. Also, any hours of work performed "to protect the interest of the stakeholder and research its liability, or to update the client regarding the status of the case" are not compensable. Packman, 2014 WL 1400182, at *2. Finally, plaintiff is not entitled to recover fees for attorney-client communications or unspecified legal research. Hearing v. Minnesota Life Ins. Co., No. C13-4101-LTS, 2014 WL 3587406, at *8 (N.D. Iowa July 21,

2014); see also Kridner, 2013 WL 1249205, at *5 ("[A]ny uncertainties in a fee application due to nonspecific entries are resolved against the applicant.") (internal quotations and citation omitted).

**B. Costs**

Plaintiff's request for costs is governed by Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). The court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Amer. Oil Co., 3749 U.S. 227, 232-33 (1964); Alexander v. Nat'l Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982).

Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828. 28 U.S.C. § 1920.

Plaintiff requests an award of costs in the amount of $356.62. It is unclear from the documents submitted how plaintiff arrived at this figure. Nevertheless, plaintiff would be entitled to recover at least the amount of the filing fee ($400.00). Because the amount requested is less than the minimum amount that may be awarded under § 1920, the plaintiff's request will be granted.

**C. Conclusion**

Finally, the fees and costs awarded must not significantly diminish the value of the asset. Karnes, 2007 WL 4365732, at *3. In determining an equitable percentage, the Court finds instructive the amounts other federal courts have awarded for attorney's fees and costs in relation to the value of interpleaded funds. See, e.g., Hearing, 2014 WL 3587406, at *15 (3%); Kridner, 2013 WL 1249205, at *9 (6.1%); Lambert, 2013 WL 328792, at *5 (1.7%); Columbus Life Ins. Co. v. Hill, No. 2:09-CV-0947 (FCD/DAD), 2010 WL 3717285, at *3 (E.D. Cal. Sept. 16, 2010) (5%); Karnes, 2007 WL 4365732, at *3 (6.7%); Unum Life Ins. Co. of Am. v. Kaleo, No. 6:05CV544ORL-22DAB, 2006 WL 1517257, at *3 (M.D. Fla. May 24, 2006) (3.13%); Primerica Life Ins. Co. v. Walden, 170 F. Supp. 2d 1195, 1200 (S.D. Ala. 2001) (awarding less than 1%).

Plaintiff will be awarded $4,652 in attorney's fees and $356.62 in costs, for a total of $5,008.62. This amounts to 8.9% of the total fund, a percentage that recognizes a reasonable amount of work completed in the case without significantly diminishing the value of the asset.

Because defendants Samuel H. Lee, Jr. and Tameka Lee have disclaimed all interest in the interpleaded funds, judgment will be entered in favor of defendants Walter Armour and Frederick White.

\*    \*    \*    \*    \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's renewed motion for attorney's fees and costs [Doc. #35] is **granted in part and denied in part.** Plaintiff shall be permitted to recover attorney's fees in the amount of $4,652 and costs in the

amount of $356.62 incurred in connection with this interpleader action to be paid out of the interpleaded funds prior to any other distribution.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall pay from the interpleaded funds currently on deposit in the registry of the Court the sum of $5,008.62 to plaintiff Western-Southern Life Assurance Company representing its attorney's fees and costs as awarded.  The check is to be made payable to "Western-Southern Life Assurance Company" and mailed to plaintiff's counsel as follows:  Bradley Arant Boult Cummings LLP, Attn:  Jason A. Walters, 1819 Fifth Avenue North, Birmingham, AL 35203.

**IT IS FURTHER ORDERED** that the balance of the interpleaded funds shall be awarded, in equal parts and with any accrued interest, after deduction of the applicable administrative fee, to defendants Walter Armour and Frederick White.

**IT IS FURTHER ORDERED** that, pursuant to E.D. Mo. L.R. 13.04(D)(2), defendants Walter Armour and Frederick White each shall provide to the Court within 10 days from the issuance of this Order his:  (1) Social Security number on a completed and signed Internal Revenue Service Form W-9; and (2) current full mailing address where the disbursement check should be sent.

A copy of I.R.S. Form W-9 is available on the Court's website.  Per the redaction requirements of E.D. Mo. L.R. 2.17, defendants may provide this information either in person or by mail to the Clerk's Office for *ex parte* review.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2015.